UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RAYMOND HYMAN,

                    Plaintiff,

       -against-

NASSAU COUNTY CORRECTIONAL FACILITY,

                   Defendant.
-------------------------------------------------------------X
FEUERSTEIN, District Judge:

ORDER
12-CV-5099(SJF)(AKT)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JAN 15 2013   ★

LONG ISLAND OFFICE

I.    Introduction

      On October 10, 2012, incarcerated *pro se* plaintiff Raymond Hyman ("plaintiff") filed a

complaint against defendant Nassau County Correctional Facility ("NCCC") pursuant to 42

U.S.C. § 1983 ("Section 1983"), accompanied by an application to proceed *in forma pauperis*.

Since plaintiff's financial status, as set forth in his declaration in support of his application to

proceed *in forma pauperis*, qualifies him to commence this action without prepayment of the

filing fee, see 28 U.S.C. § 1915 (a)(1), the application to proceed *in forma pauperis* is granted.

However, for the reasons set forth below, plaintiff's complaint is *sua sponte* dismissed pursuant

to 28 U.S.C. §§ 1915(e)(2)(b)(i) and (ii) and 1915A(b)(1).

II.    The Complaint

      Plaintiff alleges that on September 10, 2012, while housed in the "N-Dorm" at the NCCC,

he was served spoiled chicken salad for lunch and that when he returned the spoiled food, the

kitchen staff refused to serve him and the inmates housed in the N-Dorm anything else to eat until

dinnertime. (Compl., ¶ IV). According to plaintiff, when he complained to the guards, he was

rudely and sarcastically told to file a grievance. (Id.) Plaintiff also claims that he and the other

inmates at the NCCC are given small food servings and are not served vegetables or dessert. (Id.) Plaintiff seeks damages in the amount of three hundred million dollars ($300,000,000.00) for "violation of [his] civil rights and emotional distress, and pain and suffering." (Compl., ¶ V).

III. Discussion

A. Standard of Review

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 29 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

It is axiomatic that district courts are required to read *pro se* complaints liberally, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011), and to construe them "to raise the strongest arguments [that they] suggest[]." Jabbar v. Fischer, 683 F.3d 54, 56 (2d Cir. 2012) (quotations, alterations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Harrington v. County of Suffolk, 607 F.3d 31, 33 (2d Cir. 2010); see also Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the * * * claim is and the grounds upon which it rests." Erickson, 551

2

U.S. 89, 127 S.Ct. at 2200 (quotations and citation omitted); see also Anderson News, LLC v. American

Media, Inc., 680 F.3d 162, 182 (2d Cir. 2012), cert. denied by Curtis Circulation Co. v. Anderson

News, LLC, 2013 WL 57139 (Jan. 7, 2013) (accord). "A pleading that offers 'labels and conclusions'

or 'a formulaic recitation of the elements of a cause of action will not do.'"Ashcroft, 556 U.S. at 678,

129 S.Ct. 1937 (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955). "Nor does a complaint suffice if it

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"Id. (quoting Twombly, 550 U.S.

at 557, 127 S.Ct. 1955); see also Gallop v. Cheney, 642 F.3d 364, 368 (2d Cir. 2011) (accord). "Factual

allegations must be enough to raise a right to relief above the speculative level, * * * on the assumption

that all the allegations in the complaint are true (even if doubtful in fact)."Twombly, 550 U.S. at 555-

56, 127 S.Ct. at 1959; see also Starr v. Sony BMG Music Entertainment 592 F.3d 314, 321 (2d Cir.

2010) (accord). The plausibility standard requires "more than a sheer possibility that defendant has

acted unlawfully." Ashcroft, 556 U.S. at 678, 129 S.Ct. at 1949; see also Wilson v. Merrill Lynch &

Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011) (accord).


B.      Section 1983

Section 1983 of Title 42 of the United States Code provides, in relevant part:

> "[e]very person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State . . . subjects, or causes to be subjected,
> any citizen of the United States . . . to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws, shall be
> liable to the party injured . . . ."

To state a claim under Section 1983, a plaintiff must allege (1) that the challenged conduct was

"committed by a person acting under color of state law," and (2) that such conduct "deprived [the

plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States."

Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010), cert. denied sub nom Cornejo v. Monn, 131 S. Ct.

158, 178 L. Ed. 2d 243 (2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Rehberg v. Paulk, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).

Plaintiff is not suing any individual claimed to have been personally involved in the alleged constitutional deprivation. Rather, the sole defendant named in the complaint is the NCCC."[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." See Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); see also Robischung-Walsh v. Nassau County Police Department, 699 F. Supp. 2d 563, 565 (E.D.N.Y. 2010), aff'd, 421 Fed. Appx. 38 (2d Cir. Apr. 29, 2011). Since the NCCC is an administrative arm of the County of Nassau ("the County"), it lacks the capacity to be sued. See, e.g. Hawkins v. Nassau County Correctional Facility, 781 F. Supp. 2d 107, 109 n. 1 (E.D.N.Y. 2011); Merchant v. Nassau County, No. 11-cv-3130, 2011 WL 3042766, at * 3 (E.D.N.Y. July 20, 2011). Accordingly, the complaint is dismissed in its entirety as against the NCCC. However, since plaintiff is proceeding *pro se*, his complaint will be construed as being brought against the County.

"[A] municipality [or municipal entity] can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality [or municipal entity]." Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." Id.; see also Connick v. Thompson, 131 S.Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011) (holding that under Section 1983, governmental bodies are not vicariously liable for their employees' actions); Los Angeles County, California v. Humphries, 131 S. Ct. 447, 452, 178 L. Ed. 2d 460 (2010) ("[A] municipality cannot be held

liable solely for the acts of others, e.g., *solely* because it employs a tortfeasor." (emphasis in original) (quotations and citation omitted)); Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). To prevail on a Section 1983 claim against a municipal entity, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008); see also Connick, 131 S.Ct. at 1359 ("Plaintiffs who seek to impose liability on local governments under Section 1983 must prove that 'action pursuant to official municipal policy' caused their injury." (quoting Monell, 436 U.S. at 691, 98 S.Ct. 2018)); Humphries, 131 S.Ct. at 452 ("[A] municipality may be held liable when execution of a government's *policy or custom* . . . inflicts the injury." (emphasis in original) (quotations and citation omitted)).

    "A municipal policy may be pronounced or tacit and reflected in either action or inaction." Cash v. County of Erie, 654 F.3d 324, 333 (2d Cir. 2011), cert. denied, 132 S. Ct. 1741, 182 L. Ed. 2d 528 (2012). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick, 131 S.Ct. at 1359. In addition, municipal liability can be established "by showing that a policymaking official ordered or ratified the employee's actions– either expressly or tacitly." Jones, 691 F.3d at 81. "Thus, a plaintiff can prevail against a municipality [or municipal entity] by showing that the policymaking official was aware of the employee's unconstitutional actions and consciously chose to ignore them." Id. To establish such deliberate indifference, "a plaintiff must show that a policymaking official was

aware of constitutional injury, or the risk of constitutional injury, but failed to take appropriate action to prevent or sanction violations of constitutional rights." Id. "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Id. (quotations and citation omitted). "[D]eliberate indifference requires a showing that the official made a conscious choice, and was not merely negligent." Id.; see also Cash, 654 F.3d at 334.

"[D]eliberate indifference may be inferred where the need for more or better supervision to protect against constitutional violations was obvious * * * but the policymaker failed to make meaningful efforts to address the risk of harm to plaintiffs." Cash, 654 F.3d at 334 (quotations, alterations and citations omitted). Moreover, "[i]n limited circumstances, a [municipal entity's] decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of Section 1983." Connick, 131 S. Ct. at 1359. "To satisfy [Section 1983], a municipality's failure to train its employees in a relevant respect must amount to deliberate indifference to the rights of persons with whom the untrained employees come into contact." Id. (internal quotations, alterations and citation omitted). "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Id. "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." Id. at 1360.[1]

---

[1] Although the Supreme Court recognized "a narrow range of * * * hypothesized single-incident liability" based upon "an obvious need for some form of training," Connick, 131 S.Ct. at 1361, this case does not fall within that narrow and "rare" range of cases, particularly because plaintiff does not allege a complete lack of training of NCCC personnel or that NCCC staff had an "utter lack of an ability to cope with constitutional situations" that existed in the hypothesized single-incident case. Id. at 1363.

To state a claim for municipal liability under Section 1983, a plaintiff must allege more than that a municipal policy or custom exists. See Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012). "Rather, a plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." Id.

Since the complaint is devoid of any factual allegations tending to support an inference that a municipal policy or custom existed that caused the alleged constitutional deprivations of which plaintiff complains, it fails to state a Section 1983 claim against the County. Accordingly, plaintiff's complaint is dismissed in its entirety.

C.    Leave to Amend

Although, "when addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (quotations and citation omitted); see also Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), leave to amend is not required where a proposed amendment would be futile. Hill, 657 F.3d at 123-24; see also Mennella v. Carey, 253 Fed. Appx. 125, 126 (2d Cir. Nov. 6, 2007) (summary order); Morpurgo v. Incorporated Village of Sag Harbor, 697 F. Supp. 2d 309, 342 (E.D.N.Y. 2010), aff'd, 417 Fed. Appx. 96 (2d Cir. 2011). "[A] complaint amendment would be futile only if the amended complaint would not contain enough allegations of fact to state a claim for relief that is plausible on its face." MetLife Investors USA Ins. Co. v. Zeidman, 734 F. Supp. 2d 304, 311 (E.D.N.Y. 2010), aff'd, 442 Fed. Appx. 589 (2d Cir. Sept. 19, 2011).

Amendment of the complaint to allege a Section 1983 claim against the County would be

futile because a constitutional violation cannot plausibly be inferred from the factual allegations set forth in the complaint. In essence, plaintiff alleges that he was deprived of one (1) meal on one (1) occasion while incarcerated at the NCCC and disagrees with the contents of the meals provided to inmates at the NCCC. Although a State may "transgress[] the substantive limits on state action set by the Eighth Amendment and the Due Process Clause" when it fails "to provide for [the] basic human needs– *e.g.*, food, clothing, shelter, medical care, and reasonable safety [of a convicted prisoner or pretrial detainee, respectively]," DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 200, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989), "a deprivation of food and water during detention that only lasted a few hours [does] not rise to the level of a constitutional violation." Simmons v. Kelly. No. 06 Civ. 6183, 2009 WL 857410, at * 7 (S.D.N.Y. Mar. 31, 2009).

Moreover, although "[p]risons have an affirmative duty to provide their inmates with nutritionally adequate food * * *[,] assuming a diet's nutritional adequacy, prison officials have the discretion to control its contents." Word v. Croce, 169 F. Supp. 2d 219, 226 (S.D.N.Y. 2001). "Absent religious or medically peculiar circumstances, a prisoner does not have a right to a specialized diet while incarcerated, vegetarian or otherwise." Id. (quotations, alterations and citation omitted). "Preference for certain foods and dislike of others cannot be equated with a constitutional guarantee to a custom-tailored menu." Id. Since plaintiff does not allege that he was deprived of a nutritionally adequate diet, nor that he was deprived of a medically indicated or religiously necessary diet, while incarcerated at the NCCC, his mere disagreement with the portions and contents of the meals provided to inmates at the NCCC does not rise to the level of a constitutional deprivation.

Since Plaintiff cannot establish a "depriv[ation] of rights, privileges, or immunities

8

secured by the Constitution or laws of the United States," Cornejo, 592 F.3d at 127, he cannot state a Section 1983 claim against the County or NCCC as a matter of law.   Accordingly, any amendment to the complaint would be futile and the complaint is therefore dismissed in its entirety with prejudice.


IV.  Conclusion

For the foregoing reasons, plaintiff's application to proceed *in forma pauperis* is granted and the complaint is *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(ii) and 1915A(b)(1) for failure to state a claim for relief.  The Clerk of the Court is directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).


SO ORDERED.                              s/ Sandra J. Feuerstein
                                         _____
                                         Sandra J. Feuerstein
                                         United States District Judge


Dated: January 15, 2013
       Central Islip, New York